UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LE VAN SON,

      Plaintiff,

v.                                                                                  Case No: 5:18-cv-265-Oc-32PRL

MARK S. INCH, in his official
capacity as the Secretary, Florida
Department of Corrections, and
JESS BALDRIDGE, in his official capacity
as the Warden of Sumter Correctional
Institution,[1]

      Defendants.

## **ORDER**

**I.  Status**

Plaintiff, an inmate of the Florida penal system, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. See Doc. 8. He is proceeding on an Amended Complaint alleging that he was denied access to a Vietnamese translator in violation of his First and Fourteenth Amendment rights. See Doc. 10. He sues Mark S. Inch in his official capacity as the Secretary of the FDOC, and Jess Baldridge in his official capacity as the Warden of Sumter Correctional Institution. Id. at 2. As relief, Plaintiff requests, inter alia,

---

[1] Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Court substitutes Mark S. Inch for Julie Jones as the proper party Defendant as the Secretary of the FDOC, and Jess Baldridge for John DeBell as the proper party Defendant as the Warden of Sumter Correctional Institution.

that the Court find Rule 33-501.301(3)(b) of the Florida Administrative Code unconstitutional, issue an order for the appointment of counsel to represent Plaintiff, and all other relief that this Court deems just and proper. See Doc. 5.

Defendants filed a Motion to Dismiss Plaintiff's Amended Complaint. See Doc. 24 (Motion). Plaintiff filed a Response in opposition. See Doc. 28 (Response). Defendants' Motion is ripe for review.

## II. **Amended Complaint**

Plaintiff alleges that he is a Vietnamese national with "limited aptitude in English." Doc. 10 at 5. According to Plaintiff, in 2011, while housed at Franklin Correctional Institution, he requested, but the FDOC refused to provide him with a Vietnamese translator to assist him with reading his state court trial transcripts. Id. at 4. He then appears to claim that on December 12, 2017, while housed at Sumter Correctional Institution, he again requested but was denied a Vietnamese interpreter "to assist [him] in filing [a] postconviction motion and to interpre[t] trial transcript[s]." Id. at 5.

He explains that he did not suffer any physical injury as a result of Defendants' actions. Id. However, he argues that being denied a translator violated his Fourteenth Amendment due process and equal protection rights "guaranteed [to] all other inmates being held in [the FDOC] who are provided with [an] interpreter to assist in filing postconviction motions and other legal

2

pleading[s]." Id. at 6. He appears to argue that Rule 33-501.301(3)(d) of the Florida Administrative Code, which provides that "[l]aw libraries shall provide interpreters for any language other than English that is native to 5 percent or more of the statewide inmate population," is unconstitutional, because it allows the FDOC to exclude interpreters for Vietnamese inmates. Doc. 10 at 4. He further claims that being denied a translator deprived him of his First Amendment right of access to the courts.[2] Id. at 5.

## III. Standard of Review

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material

---

[2] Plaintiff also references the Sixth and Eighth Amendments, see Doc. 10 at 5, however, he does not allege facts supporting a claim under the Sixth or Eighth Amendments. See generally id.

3

elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). The Court liberally construes the pro se Plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).

## IV. Analysis

In their Motion, Defendants argue that the Court should dismiss Plaintiff's Amended Complaint, because: (a) Plaintiff fails to allege a denial of access to courts; (b) Plaintiff fails to allege a proper equal protection claim; and (c) Plaintiff's claims regarding Defendants' 2011 actions are barred by the statute of limitations.[3] See generally Doc. 24.

### a. Access to Courts

Defendants argue that Plaintiff has failed to state a plausible access to courts claim, because he does not allege an actual injury. Doc. 24 at 5. According to Defendants, Plaintiff fails to allege how the denial of a translator prevented him from raising a nonfrivolous claim in some past proceeding. Id. Instead, they maintain that Plaintiff has only claimed that he "wants a translator to help him with future litigation," and that the relief he seeks in this action (i.e.,

---

[3] Defendants also argue that they are entitled to Eleventh Amendment Immunity. See Doc. 24 at 7. However, Plaintiff does not request monetary damages; thus, there is no Eleventh Amendment issue and the Court declines to address that argument.

4

appointment of counsel and finding a FDOC rule unconstitutional) also does not demonstrate actual injury. Id.

Access to courts is a right grounded in several constitutional amendments, including the First, Fifth, and Fourteenth Amendments. Chappell v. Rich, 340 F.3d 1279, 1282 (11th Cir. 2003); see Barbour v. Haley, 471 F.3d 1222, 1224 n.2 (11th Cir. 2006) (noting that the prisoners' claim that they had been denied meaningful access to the courts implicated both the First and Fourteenth Amendments). To state an access-to-courts claim, a plaintiff must first establish an actual injury. Lewis v. Casey, 518 U.S. 343, 349-50 (1996); Barbour, 471 F.3d at 1225. "To allege an actual injury, the complaint 'must identify a nonfrivolous, arguable underlying claim.'" Alvarez v. Sec'y, Fla. Dep't of Corr., 646 F. App'x 858, 867 (11th Cir. 2016) (quoting Christopher v. Harbury, 536 U.S. 403, 415 (2002)). "More specifically, the complaint must describe the underlying claim 'well enough to apply the nonfrivolous test and to show that the arguable nature of the underlying claim is more than hope.'" Id. (quoting Cunningham v. Dist. Attorney's Office for Escambia Cty., 592 F.3d 1237, 1271 (11th Cir. 2010)). Additionally, the plaintiff must show that the underlying nonfrivolous legal claim was raised, or would have been raised, in connection with a direct appeal, a collateral attack on his conviction, or a civil rights action. Lewis, 518 U.S. at 354-57; Cranford v. Nevada Dep't of Corr., 398

F. App'x 540, 546-47 (11th Cir. 2010). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) (quotations and citation omitted).

Plaintiff fails to allege an actual injury. While he generally alleges in his Response that "all prior petitions [have] been addressed in court without a Vietnamese interpreter and as a result[,] all petitions [have] been denied," see Doc. 28 at 3, this allegation lacks sufficient specificity to survive dismissal. Plaintiff's assertions are conclusory, and he fails to highlight any nonfrivolous underlying claim that he could not adequately present because he lacked an interpreter. For example, while Plaintiff attaches to his Amended Complaint a copy of the state court's order denying on the merits one of his prior Florida Rule of Criminal Procedure 3.850 motions for postconviction relief, see Doc. 10 at 18-23, Plaintiff fails to explain how his inability to obtain an interpreter impeded his ability to litigate any of the claims he raised or may have raised in

that motion.[4] As such, Plaintiff has failed to state a claim on which relief may be granted. His access to courts claim is due to be dismissed.[5]

**b. Equal Protection**

Defendants argue that Plaintiff has failed to state an equal protection claim. Doc. 24 at 6. In support, Defendants assert that Plaintiff has failed to allege that he is similarly situated to other prisoners who have received more favorable treatment. Id. They also argue that Plaintiff failed to allege that Defendants discriminated against Plaintiff based on a protected class. Id.

Liberally construing Plaintiff's allegations, he appears to allege that Rule 33-501.301(3)(d) of the Florida Administrative Code violates the Equal Protection Clause because it is based on "invidious discrimination" against "race and national origin." Doc. 28 at 4; see also Doc. 10 at 5. He argues that he is a member of a protected class and this Administrative Rule allows Defendants to refuse to provide Plaintiff with a Vietnamese translator because

---

[4] The Court also takes judicial notice of Plaintiff's initial 28 U.S.C. § 2254 federal habeas petition. See Le Van Son v. Sec'y, Dep't of Corr., No. 6:17-cv-311-Orl-41GJK (Doc. 1). Respondents moved to dismiss the petition as untimely filed; and in arguing that he was entitled to equitable tolling, Plaintiff did not allege that the lack of a Vietnamese interpreter hindered his ability to timely file the petition. See id. at Doc. 14. The petition was dismissed with prejudice as untimely filed. See id. at Doc. 15.

[5] In reviewing Plaintiff's documents and papers filed in this case, he appears to be able to communicate sufficiently in English. See generally Docs. 10; 28.

7

less than 5% of the prison population speaks Vietnamese. Doc. 28 at 4. He further claims that Defendants provide interpreters to assist other similarly situated inmates (i.e., Spanish and French speaking inmates) in translating and filing postconviction pleadings, and Defendants' disparate treatment of Plaintiff for speaking Vietnamese is unconstitutional. Id.

To state an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on a suspect classification such as national origin, or impinged on a fundamental right. Arthur v. Thomas, 674 F.3d 1257, 1262 (11th Cir. 2012); Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). If a suspect classification or fundamental right is implicated, a court must apply strict scrutiny review. Johnson v California, 543 U.S. 499, 506-07 (2005). "Where the statute at issue 'does not discriminate on the basis of a suspect classification or the exercise of a fundamental right,' the appropriate standard of review for an equal protection claim is the rational basis test. United States v. Marshall, 416 F. App'x 824, 828 (11th Cir. 2011) (quoting United States v. Solomon, 848 F.2d 156, 157 (11th Cir. 1988)).

Plaintiff has set forth sufficient allegations to state an equal protection claim based on a suspect classification.[6] Liberally read, Plaintiff alleges that he

---

[6] Plaintiff's equal protection claim appears to be limited to a suspect classification theory rather than the impingement of a fundamental right.

8

was treated differently from other similarly situated, non-English speaking individuals based on his Vietnamese national origin.[7] Even without an allegation of actual harm, at this stage, Plaintiff's assertions are enough to allow his equal protection claim to continue. See, e.g., St. Hilaire v. Lewis, 942 F.2d 793, at *2 (9th Cir. 1991) ("We have found no cases . . . requiring a showing of 'actual injury' . . . to pursue an equal protection claim"); see also, Harnage v.

---

Nevertheless, to the extent Plaintiff bases his equal protection claim on Rule 33-501.301(3)(d)'s effect on his right of access to courts, such claim would be subject to dismissal because he has failed to allege all the elements of an independent access to courts claim. See Jackson v. State Bd. Of Pardons & Paroles, 331 F.3d 790, 797 (11th Cir. 2003) (holding that because plaintiff failed to allege an actual injury regarding his right to access to courts, he did not demonstrate the impediment of a fundamental right, and thus, his equal protection claim would not be evaluated under strict scrutiny).

[7] Although Rule 33-501.301(3)(d) limits access to interpreters based on the language a prisoner speaks rather than national origin, the case law regarding language-based classifications for equal protection purposes is unsettled. See Garcia v. Gloor, 618 F.2d 264 (5th Cir. 1980)(noting in dicta that "to a person who speaks only one tongue or has difficulty using another language than the one spoken in his own home, language might well be an immutable characteristic like skin color, sex or place of birth"); Sandoval v. Hagan, 197 F.3d 484, 511 n.26. (11th Cir. 1999) (recognizing its prior dicta in Gloor, but acknowledging that language alone has never implicated a facial equal protection challenge and declining to make such a finding); but see Olagues v. Russonello, 770 F.2d 791, 801 (8th Cir. 1985) (holding "language-based classification is not the equivalent of a national origin classification, and does not denote a suspect class"); Soberal-Perez v. Heckler, 717 F.2d 36, 41 (2d Cir. 1983) (holding that failure to provide forms and services in Spanish language does not facially discriminate based on suspect class). In any event, at this preliminary stage, Plaintiff is not required to provide proof that he is a member of a suspect class and his pro se allegations survive Defendants' Motion.

Dzurenda, 176 F. Supp. 3d 40, 50 (D. Conn. 2016) (finding that because the plaintiff set forth allegations that satisfy the two elements of equal protection – that prison provided different legal services based on impermissible classifications – the equal protection claim must survive pleading stage of proceeding). As such, Defendants' Motion is due to be denied as to Plaintiff's equal protection claim without prejudice to Defendants revisiting the issue on a properly filed motion for summary judgment.

### c. Statute of Limitations for Plaintiff's 2011 Claims

Insofar as Plaintiff alleges access to courts and equal protection violations stemming from Defendants' actions in 2011, those claims are barred by Florida's four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Owens v. Okure, 488 U.S. 235, 249-50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions."). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of limitations for personal injuries." Omar v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per

10

curiam) (citations omitted); see Ealy v. GEO Grp., Inc., 667 F. App'x 739, 740 (11th Cir. 2016) ("This Court has on several occasions applied the four-year residual limitations period under Florida's personal injury statute, Florida Statutes § 95.11(3)(p), to 42 U.S.C. § 1983 claims."); Van Poyck v. McCollum, 646 F.3d 865, 867 (11th Cir. 2011) (recognizing that a § 1983 claim is subject to Florida's four-year personal injury statute of limitations); City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002) ("Section 1983 claims are governed by the forum state's residual personal injury statute of limitations, which in Florida is four years." (citations omitted)). Accordingly, any § 1983 claim premised upon acts that occurred in 2011 are untimely and due to be dismissed.

## V. Conclusion

In sum, Defendants' Motion is due to be granted as to Plaintiff's access to courts claim and to the extent Plaintiff raises any claim based on constitutional violations that occurred in 2011. Defendants' Motion is denied as to Plaintiff's equal protection claim.

Accordingly, it is

**ORDERED:**

1. Defendants' Motion to Dismiss Plaintiff's Amended Complaint (Doc. 24) is **GRANTED in part and DENIED in part.** Plaintiff's access to

11

courts claim and any constitutional claim made in connection with acts that occurred in 2011 are **DISMISSED.** The Motion is **DENIED** as to Plaintiff's equal protection claim.

2. Defendants shall file an answer to the equal protection claim in the Amended Complaint by **March 25, 2020**.

3. The parties shall serve all discovery requests no later than **April 27, 2020**. A party to whom a discovery request is directed must respond within the time permitted by the Federal Rules of Civil Procedure. Any motions relating to discovery shall be filed by **June 16, 2020**.

4. All motions to dismiss and/or for summary judgment shall be filed by **July 13, 2020**.[8] This deadline is also applicable to the filing of any motions or the raising of any affirmative defenses based on qualified immunity.

5. Responses to any motions to dismiss and/or for summary judgment shall be filed by **August 20, 2020**.

6. The parties are encouraged to discuss the possibility of settlement and notify the Court if their efforts are successful. In doing so, Plaintiff and Defendants are encouraged to maintain a realistic approach in making and/or considering any settlement offers.

---

[8] The Court requires the complete transcript of any deposition submitted as an exhibit.

7. As to the taking of Plaintiff's deposition, if necessary, the Court grants permission to Defendants' counsel. Defendants' counsel must contact the Warden of Plaintiff's institution to arrange an appropriate time and place for the deposition.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of March, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C: Le Van Son, #373291
Counsel of Record